No. 4975.

(Court of Appeal, Parish of Orleans.)

## JULES RIGAUD vs. MISS MINNIE CARRAHER ET AL.

Titche & Rogers for plaintiff and appellee.

Zengel, Thomas & Suthon for defendant and appellant.

ST. PAUL, J.—This is a suit for the balance due on a contract for plastering certain houses erected by and belonging to defendants, and the defense is that the work was not properly done.

The evidence is conflicting, but in its ultimate analysis resolves itself largely into a difference of opinion between the contractor who did the work and the architect who prepared the specifications by which the work was done.

That some plaster fell after the work was done is not disputed, but it appears to us that conditions are somewhat magnified by defendants. The houses have been completed for more than two years, and have been occupied continuously by good tenants, yet, out of a number of tenants only one was produced, and his testimony shows nothing but what often happens in newly erected frame buildings. There is certainly nothing therein on which the plastering could be condemned as a whole as defendant would have it.

Then, also, there are a number of causes which might have contributed in part to the falling of the plaster, the settlement and consequent straining of the house, vibration caused by the passing street cars, leaks, carpenter

work and plumbing done whilst the plaster was still fresh.

Moreover, the kind of plaster called for by the specifications was the poorest that could possibly be used, to-wit, a mere mixture of lime, sand and water, without hair or cement, a matter which the contractor called to the attention of the architect before he undertook the work.

These circumstances considered, we do not think that the mere falling of the plaster in some places is sufficient to conclude that the fault lies with the plaintiffs manner of mixing and putting it up, and apart from the fact of falling, the record is practically barren of evidence on the subject.

But, be that as it may, the fact remains that the plastering as a whole is still standing, apparently gives satisfaction to the occupants of the houses, and enables the defendants to collect regularly the full rental value of their houses. There is nothing in the record to show what, if anything, has been spent in repairs thereon, or what it would cost to put it in the condition in which defendants claim it should be, and although defendants claim that it should all be taken down, and the only reason why it has not been done is because the houses are occupied, yet the fact remains that although one of the houses was vacant for several months nevertheless nothing more was done to this house than to the others, and when rented again the same plaster was in it as when it was vacated.

Finally, the evidence shows that plaintiff made every reasonable effort to satisfy defendants. He made re pairs whenever called upon, and in the end even offered to do the work all over again and furnish bond that it would prove satisfactory, if only he would be paid when his work was done. His offer was in effect rejected, defendants seeking to add thereto other conditions in favor of the tenants and wholly unreasonable.

The sum and substance of the matter is that defendants refuse to pay plaintiff, claiming that his work was not done properly, and at the same time they will neither permit him to do the work himself, nor will they do it at his expense and pay him the difference. They do not even offer to pay the sum of sixty-six dollars due for extra work, about which there is no dispute whatever.

The judgment of the District Court is correct and will be affirmed.

Judgment affirmed.